UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

Nº 05-CV-2534 (JFB) (WDW)

———————————

CHARLES E. HOLSTER III, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

Plaintiff,

VERSUS

GATCO, INC., D/B/A FOLIO ASSOCIATES,

Defendant.

———————————

MEMORANDUM AND ORDER
March 23, 2007

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff commenced this action individually and on behalf of others similarly situated alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), and regulation 47 C.F.R. § 64.1200(a)(3), promulgated thereunder (hereinafter referred to collectively as "TCPA"). Before this Court are defendant's motion to dismiss for lack of subject-matter jurisdiction and plaintiff's motion for class certification. The issue presented in this case is whether a New York law that prevents TCPA class actions from being maintained in state court divests federal courts of jurisdiction over a TCPA class action brought in federal court pursuant to diversity jurisdiction. As set forth below, the Court concludes that (1) the substantive law of the state applies in TCPA class actions brought in federal court, and (2) pursuant to substantive New York law, a class may not be maintained in the instant lawsuit for alleged violations of the TCPA. Therefore, since there can be no class action for TCPA claims under New York law, and the parties concede that there is no basis for jurisdiction in the absence of such a class action (because the amount in controversy cannot be met), this case must be dismissed.

I. BACKGROUND

A. Facts

The following facts are derived from the amended complaint and are taken as true for

purposes of this motion.

On or about January 25, 2002, defendant Gatco, Inc., doing business as Folio Associates ("Gatco"), a citizen of Massachusetts, sent an unsolicited facsimile (hereinafter "fax") advertisement to plaintiff Charles E. Holster III. (Am. Compl. ¶¶ 7, 8.) Plaintiff is a citizen of New York and maintains and operates his fax machine at his office in Mineola, New York. (*Id.* ¶ 6.) Defendant transmitted unsolicited advertisements via fax to more than 10,000 recipients, including plaintiff. (*Id.* ¶ 10.) Defendant did not seek prior express invitation or permission from any of the recipients to transmit the fax, nor did plaintiff give defendant prior express permission to transmit the fax. (*Id.* ¶¶ 9, 11.) According to the complaint, these unsolicited faxes are prohibited by the TCPA and entitle plaintiff (and proposed class members) to, among other relief, $1,500 in treble damages per fax.

### B. Procedural History

Plaintiff commenced this action individually and on behalf of others similarly situated on May 24, 2005 seeking statutory damages, injunctive relief, attorneys' fees and costs for violations of the TCPA. On July 11, 2005, plaintiff filed an amended complaint. Plaintiff alleges that jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

On February 24, 2006, this case was re-assigned to the undersigned from the Honorable Denis R. Hurley. On June 19, 2006, defendant moved to dismiss the case for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). The Court heard argument on the motion to dismiss on July 19, 2006, and granted plaintiff permission to brief class certification prior to deciding the motion to dismiss. On October 5, 2006, plaintiff moved for class certification. On November 2, 2006, the Court heard argument on the motion for class certification. Accordingly, presently before this Court are two motions: (1) defendant's motion to dismiss the case for lack of jurisdiction on the grounds that (a) a TCPA class action may not be maintained under Rule 23 of the Federal Rules of Civil Procedure and/or (b) a class action may not be maintained pursuant to N.Y.C.P.L.R. § 901(b); and (2) plaintiff's motion for class certification.

## II. DISCUSSION

### A. The TCPA

This case is among a recent string of lawsuits alleging the transmittal of unsolicited advertisements via fax in violation of the TCPA. The TCPA makes it unlawful "for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless certain conditions are met. 47 U.S.C. § 227(b)(1)(C). A private right of action exists under the statute pursuant to § 227 (b)(3) which provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such

actions.

47 U.S.C. § 227(b)(3). Furthermore, a court may award treble damages in the amount of $1,500 per fax if it finds that the defendant "willfully or knowingly" violated the statute. *Id*.

### B. Jurisdiction Under the TCPA

In *Foxhall Realty Law Offices, Inc. v. Telecommns. Premium Servs., Ltd.*, 156 F.3d 432, 436 (2d Cir. 1998), the Second Circuit held that federal courts lack federal question jurisdiction over claims brought under the TCPA. More recently, the Second Circuit clarified in *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 340-41 (2d Cir. 2006) that, although federal question jurisdiction does not exist under the TCPA, federal courts sitting in diversity may hear private causes of action under the TCPA. In order to meet the amount in controversy requirement of 28 U.S.C. § 1332(a), however, individuals attempting to pursue a private right of action in federal court are often forced to do so as a class pursuant to Federal Rule of Civil Procedure 23 because one individual is unable to satisfy the amount in controversy requirement.[1] *See, e.g.*, *Gottlieb*, 436 F.3d at 343 n.10 (explaining that "[i]n order to meet the amount-in-controversy requirement, a single plaintiff would have to receive either 150 faxes from a single defendant, assuming $500 in statutory damages per fax, or 50 faxes from that defendant, assuming treble damages").

There is a disagreement among federal courts as to whether a class of plaintiffs pursuing TCPA claims can satisfy the requirements of Rule 23. *Compare Kenro, Inc. v. Fax Daily*, 962 F. Supp. 1162, 1169 (D. Ind. 1997) (denying class certification for TCPA claimants because proposed class definition would require court to examine whether each potential class member had invited or given permission for transmission of the fax at issue); *and Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403-04 (E.D. Pa. 1995) (same) *with Kavu, Inc. v. Omnipak Corp.*, No. 06-CV-109 (RSL), 2007 U.S. Dist. LEXIS 5207 (D. Wash. Jan. 23, 2007) (granting class certification to TCPA claimants); *and Gene & Gene, LLC v. Biopay, LLC*, No. 05-CV-121 (JJB), 2006 U.S. Dist. LEXIS 95082 (D. La. Dec. 20, 2006) (same). Neither the Supreme Court nor the Second Circuit has addressed whether a class action may be maintained for TCPA claims. This case, however, first raises a more discrete jurisdictional question also not yet addressed by the Second Circuit – that is, whether, pursuant to the *Erie* doctrine, N.Y. C.P.L.R. § 901(b) prevents class action plaintiffs in New York seeking damages under the TCPA from invoking federal diversity jurisdiction under the Class Action Fairness Act. N.Y. C.P.L.R. § 901(b) provides:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

---

[1] The Class Action Fairness Act ("CAFA") "amended diversity jurisdiction requirements by vesting jurisdiction in the federal courts over class actions where, *inter alia*, the amount in controversy exceeds $5 million[,]" thereby abolishing the rule that prevented a class of plaintiffs from aggregating claims. *DiTolla v. Doral Dental IPA of N.Y., LLC*, 469 F.3d 271, 273 (2d Cir. 2006) (citing 28 U.S.C. 1332(d)(2) and *Gottlieb*, 436 F.3d at 341 n.7).

3

Thus, instead of examining the broader question of whether a TCPA class action may satisfy the requirements of Rule 23, the Court will (1) determine whether substantive state law applies to TCPA cases proceeding in federal courts sitting in diversity jurisdiction, and, (2) if substantive state law does apply to this action, whether § 901(b) of New York law, which precludes TCPA class actions in state court, is substantive or procedural. *Cf. McGaughey v. Treistman*, No. 05-CV-7069 (HB), 2007 U.S. Dist. LEXIS 126, at *11 n.5 (S.D.N.Y. Jan. 4, 2007) (denying class certification and declining to address the jurisdictional issue).

1. The *Erie* Doctrine

In *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), the Supreme Court instructed federal courts sitting in diversity jurisdiction as to the application of federal versus state laws. It is now well established that, "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 118 (2d Cir. 2005) (citing *Gasperini* and recognizing that "New York state procedural rules do not apply . . . to a federal court sitting in diversity"). "The rationale of [*Erie*] was, first, that federal courts should obtain results substantially similar to those reached by state courts considering the same cause of action, and, second, that federal courts should avoid application of federal law if that application would significantly encourage forum shopping by prospective out-of-state litigants." *Morse v. Elmira Country Club*, 752 F.2d 35, 37 (2d Cir. 1984) (citing *Walker v. Armco Steel*, 446 U.S. 740, 747 (1980) and *Hanna v. Plummer*, 380 U.S. 460, 467 (1965)). "'[T]he *Erie* doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law.'" *In re Gaston & Snow*, 243 F.3d 599, 607 (2d Cir. 2001) (quoting *Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 541 n.1 (2d Cir. 1956)). Courts applying the *Erie* doctrine are sometimes faced with the critical task of determining whether a law is substantive or procedural. "[However,] where the matter in question is one covered by the Federal Rules of Civil Procedure, 'it is settled that . . . the Federal Rule applies regardless of contrary state law.'" *Com/Tech Commn. Tech., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 150-51 (2d Cir. 1998) (quoting *Gasperini*, 518 U.S. at 427).

2. The Second Circuit's Opinion in *Gotlieb*

As stated *supra*, because the TCPA does not give rise to federal question jurisdiction, jurisdiction over this action is, and must be, alleged pursuant to diversity jurisdiction under 28 U.S.C. § 1332. However, the TCPA is a *federally* enacted statute. This presents an abstruse situation whereby the Court must harmonize the necessary application of *Erie* with the existence of a Congressionally enacted statute that creates a cause of action, but provides no federal question jurisdiction access to federal courts for that cause of action. Plaintiff attempts to resolve this thorny issue by arguing that this diversity case is governed not only by federal procedural law, but also exclusively by federal substantive law. Plaintiff finds support for this proposition in a footnote from the Second Circuit's decision in *Gottlieb*. There, the Second Circuit noted,

> [i]t is odd, of course, that a federal court sitting in diversity and considering a TCPA claim would

4

apply federal substantive and procedural law. This fact, however, only emphasizes the *sui generis* nature of the statute. It is the rare federal statute that creates a cause of action that gives rise to jurisdiction under § 1332, but not under § 1331.

*Gottlieb*, 436 F.3d at 343 n.8. However, the Second Circuit also stated,

> [i]nsofar as Congress sought, via the TCPA, to enact the functional equivalent of a state law that was beyond the jurisdiction of a state to enact, it would be odd to conclude that Congress intended that statute to be treated differently, for purposes of diversity jurisdiction, from any other state statute.

*Gottlieb*, 436 F.3d at 342. If this Court were to hold that state substantive law does not apply to a private cause of action brought under the TCPA, it would undermine the Second Circuit's broader instruction in *Gottlieb* that the TCPA should be treated as any other state statute. Although *Gottlieb* did recognize the anomaly created by a federal statute under which federal courts may only hear private causes of action in diversity jurisdiction, it did not instruct courts to ignore the dictates of *Erie* and its progeny when exercising diversity jurisdiction over TCPA claims. To read the footnote in *Gottlieb* as plaintiff proposes would ignore *Gottlieb*'s statement that the TCPA is "the functional equivalent of a state law." 436 F.3d at 342.

The Court also finds support for this position in the plain language of the statute. As stated *supra*, the TCPA provides that: "[a] person or entity may, *if otherwise permitted by the laws or rules of court of a State*, bring [an action] in an appropriate court of that State." 47 U.S.C. § 227(b)(3) (emphasis supplied). Plaintiff would have this Court read the statute such that the language has no bearing on how TCPA claims are administered in federal court. However, the language of the TCPA clearly indicates that the TCPA merely enables states to permit a cause of action and contemplates that the laws or rules of the courts of the state may restrict such actions. As the Second Circuit noted in *Gottlieb*, "Congress . . . sought to put the TCPA on the same footing as state law, essentially supplementing state law where there were perceived jurisdictional gaps." 436 F.3d at 342. To permit this action to proceed in federal court, without applying the substantive law of the state, would, in essence, ignore the role of New York as the forum state and it would divest New York of the ability to decide in what situations a cause of action exists under the TCPA because plaintiffs with claims arising in New York would engage in forum shopping.

Therefore, although the substantive law giving rise to the private cause of action is a federally-enacted statute, Congress has rested jurisdiction in the states. Thus, this Court, in exercising diversity jurisdiction over TCPA claims, must apply *Erie* such that state substantive law applies. Plaintiff contends that this requires application of federal *and* state substantive law and suggests that such a result is unfounded. The Court disagrees that this outcome is unworkable and instead finds that, in applying substantive law, the federal court must simply stand in the shoes of the state court as it would in any diversity action. In *Guaranty Trust Co.*, Justice Frankfurter stated:

> Diversity jurisdiction is founded on assurance to nonresident litigants of

5

courts free from susceptibility to potential local bias. The Framers of the Constitution, according to Marshall, entertained "apprehensions" lest distant suitors be subjected to local bias in State courts, or, at least, viewed with "indulgence the possible fears and apprehensions" of such suitors. *Bank of the United States v. Deveaux*, 5 Cranch 61, 87. And so Congress afforded out-of-State litigants another tribunal, not another body of law.

*Guaranty Trust Co. v. York*, 326 U.S. 99, 111-112 (1945). To hold that the substantive law of the forum state does not apply to TCPA claims brought in federal court pursuant to diversity would have the effect of creating another body of law, thereby encouraging forum-shopping and allowing inequitable administration of the laws. Thus, because Congress rested jurisdiction for private causes of action under the TCPA with the states, federal courts hearing TCPA claims in diversity jurisdiction should apply the same substantive law that the state court would apply.

Accordingly, consistent with *Erie* and *Gottlieb*, this Court will apply the TCPA, applicable state substantive law, and federal procedural law.[2]

### 3. N.Y. C.P.L.R. § 901(b)

N.Y. C.P.L.R. § 901(b) prohibits lawsuits seeking a penalty from being brought as class actions, absent specific legislative authorization. Accordingly, New York state courts have held that class actions seeking penalties under the TCPA may not be maintained in New York state court. *See Giovanniello v. Carolina Wholesale Off. Mach. Co., Inc.*, 815 N.Y.S.2d 248, 249 (N.Y. App. Div. 2006); *Weber v. Rainbow Software, Inc.*, 799 N.Y.S.2d 428 (N.Y. App. Div. 2005); *Leyse v. Flagship Capital Servs. Corp.*, 803 N.Y.S.2d 52, 53 (N.Y. App. Div. 2005); *Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc.*, 799 N.Y.S.2d 795, 800 (N.Y. App. Div. 2005); *Bonime v. Bridge 21, Inc.*, 799 N.Y.S.2d 417, 418 (N.Y. App. Div. 2005); *Bonime v. Disc. Funding Assocs.*, 799 N.Y.S.2d 418, 419 (N.Y. App. Div. 2005).

Having determined *supra* that this Court must apply under *Erie* any applicable substantive law of the state to a TCPA claim, the Court must determine whether § 901(b) is substantive or procedural.[3] The Second Circuit has stated that

> The rational of [*Erie*] was, first, that federal courts should obtain results substantially similar to those reached by state courts considering the same cause of action, and second, that federal courts should avoid application of federal law if that application would significantly encourage forum

---

[2] Neither party argues that the law of a state other than that of New York governs the instant action.

[3] As an initial matter, the Court finds, and plaintiff does not dispute, that § 901(b) is a matter not covered by Federal Rule of Civil Procedure 23. *See Leider v. Ralfe*, 387 F. Supp. 2d 283, 290 (S.D.N.Y. 2005) (finding that "there is no collision between Fed. R. Civ. P. 23 and N.Y. C.P.L.R. § 901(b)"); *In re Relafen Antitrust Litig.*, No. P74,405 (CCH), 2004 U.S. Dist. LEXIS 8539, at *91 (D. Mass. May 12, 2004) (same); *Dornberger v. Metropolitan Life Ins. Co.*, No. 95-CV-10374 (LBS), 1998 U.S. Dist. LEXIS 13101, at *38 (S.D.N.Y. Aug. 24, 1998) (same).

shopping by prospective out-of-state litigants.

*Morse,* 752 F.2d at 37 (citing *Walker*, 446 U.S. at 747 and *Hanna*, 380 U.S. at 467). Upon that rationale, the majority of courts have concluded that § 901(b) is a substantive law which must be applied in the federal forum. *See, e.g., Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 466 F. Supp. 2d 467 (E.D.N.Y. 2006) (stating that "certification in class actions brought under diversity jurisdiction . . . is subject to the limitation imposed by § 901(b)"); *Leider*, 387 F. Supp. 2d at 291(noting that the "bulk of cases to address the applicability of N.Y. C.P.L.R. § 901(b) have decided that the statute is substantive and applies with equal force in federal litigation") (collecting cases); *Noble v. 93 Univ. Place Corp.*, No. 02-CV-1803 (SAS), 2004 U.S. Dist. LEXIS 7631, at *28 (S.D.N.Y. May 4, 2004) ("[S]ection 901(b) is arguably substantive"); *Ansoumana v. Gristede's Operating Corp.*, No. 00-CV-253 (AKH), 2001 U.S. Dist. LEXIS 6717, at *18 (S.D.N.Y. May 24, 2001) (applying § 901(b) to action proceeding in federal court based on diversity jurisdiction); *but see In re Oot*, 112 B.R. 497, 502 (Bankr. N.D.N.Y. 1989) (finding that § 901(b) is a procedural rule). This Court agrees with the prevailing line of cases holding that § 901(b) is substantive and thus finds that § 901(b) applies with equal force in the present action as it would if this case were brought in state court.

In a recent well-reasoned opinion addressing this exact issue, the Honorable Carol B. Amon dismissed a TCPA class action brought in federal court for lack of subject-matter jurisdiction. *See Bonime v. Avaya, Inc.*, No. 06-CV-1630 (CBA), 2006 U.S. Dist. LEXIS 91964 (E.D.N.Y. Dec. 20, 2006). After a thorough analysis, Judge Amon held that state substantive law applies to TCPA claims brought in federal courts sitting in diversity and that § 901(b) is a substantive law that prohibits plaintiffs from asserting a class action predicated on TCPA claims where New York law provides the relevant state law. *Id.*, at *15-*16. This Court agrees with Judge Amon's sound reasoning in *Bonime*.[4]

Accordingly, just as plaintiff is unable to maintain a class action alleging claims under the TCPA in a state court in New York, plaintiff is unable to maintain a class action in this Court for alleged violations of the TCPA where New York law applies. Otherwise, a litigant who would be barred by § 901(b) from bringing a TCPA class action in New York state court would be able to bring that same lawsuit in federal court sitting in diversity in New York, even though the TCPA did not create federal question jurisdiction, but instead simply created a cause of action which could be brought in state court "if otherwise permitted by the laws or rues of court of a State." 47 U.S.C. § 227(b)(3). Such an anomalous result would be inconsistent with the explicit statutory language of the TCPA, as well as *Gottlieb* and the "twin aims" of *Erie* – "discouragement of forum-shopping

---

[4] By letter dated February 26, 2007, counsel for defendant requested a pre-motion conference on a proposed motion to stay the proceedings pending the appeal of *Bonime*. However, this Court had previously addressed the issue of whether to stay the action on a telephone conference held on January 16, 2007. During that telephone conference, counsel for plaintiff objected to a stay and the Court agreed to proceed with ruling on the pending motions. Accordingly, having decided the pending motions, defendant's proposed motion to revisit the issue and stay the proceedings is denied.

7

and avoidance of inequitable administration of the laws." *Hanna*, 380 U.S. at 468.

Having found that § 901(b) precludes plaintiff from maintaining a class action in the instant case, the Court must dismiss this case for lack of subject-matter jurisdiction because plaintiff concedes that he cannot otherwise meet the amount in controversy requirement of § 1332 and has asserted no other source of federal jurisdiction.[5]

III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED and plaintiff's motion for class certification is DENIED as moot. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 23, 2007
Central Islip, New York

\* \* \*

The attorney for plaintiff is Todd C. Bank, Esq, 119-40 Union Turnpike, Fourth Floor, Kew Gardens, New York 11415. The attorney for defendant is Joel M. Shafferman, Esq., 80 Wall Street, Suite 910, New York, New York 10005.

---

[5] Because the Court finds that N.Y. C.P.L.R. § 901(b) prevents the instant case from proceeding as a class action, the Court need not address defendant's alternative argument that class actions may not be maintained under the TCPA.